ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

RICHARD MAHEE,
KRISTEN ALEXANDER,
DAVID BURGE,
GINA DESTITO,
JIM WHITE,
MORGAN BROWN,
CARLOS STEPHENS,
MARVIN LEWTON,
    a/k/a "Shadi Powers,"
DALE GODBOLDO, and
ION OVERMAN

Criminal Indictment

No. **1:21 - CR - 494**

**UNDER SEAL**

FILED IN OPEN COURT
U.S.D.C. - Atlanta

DEC 15 2021

KEVIN P. WEIMER, Clerk
By:
Deputy Clerk

THE GRAND JURY CHARGES THAT:

### Background

At times relevant to this Indictment:

*The Defendants*

1. DAVID BURGE ("BURGE") was an individual residing in the state of Tennessee who claimed to be an owner and the Chief Executive Officer and President of Elemental Comfort, LLC, a Tennessee corporation.

2. GINA DESTITO ("DESTITO") was an individual residing in the state of California who claimed to be the owner of HomePoppins.com LLC, a Nevada corporation.

3. JIM WHITE ("WHITE") was an individual residing in the state of New Jersey who claimed to be an owner of AJW Home Services and Design LLC, a New Jersey corporation.

4. RICHARD MAHEE ("MAHEE") was an individual residing in the state of New Jersey who claimed to be the owner and President of ARG Media LLC, a California corporation.

5. KRISTEN ALEXANDER ("ALEXANDER") was an individual residing in the state of Colorado.

6. MORGAN BROWN ("BROWN") was an individual residing in the state of Tennessee who claimed to be an owner and the Chief Executive Officer of BHG LLC, a Tennessee corporation.

7. CARLOS STEPHENS ("STEPHENS") was an individual residing in the state of Louisiana who claimed to be the owner and Manager of 31 Minds LLC, a Louisiana corporation.

8. MARVIN LEWTON, A/K/A "SHADI POWERS" ("LEWTON") was an individual residing in the Northern District of Georgia who claimed to be the owner of Powers Transport Group LLC and DirtySouthHipHop Online Media Group LLC, which were Georgia corporations.

9. DALE GODBOLDO ("GODBOLDO") was an individual residing in the state of California who claimed to be the owner and President of Mahout Star LLC, a California corporation.

10. ION OVERMAN ("OVERMAN") was an individual residing in the state of California who claimed to be the owner of Bryanston Square Inc., a California corporation.

### Unindicted Co-Conspirator

11. Mark Mason ("Mason") was an individual residing in the Northern District of Georgia who claimed ownership of M&N Enterprise, LLC, a Georgia corporation, doing business as Atlanta Business Capital.

### The Small Business Administration

12. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

13. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

### The Paycheck Protection Program

14. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or about March 2020 and was designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic.

15. One source of relief that the CARES Act provided was the authorization of up to $349 billion in forgivable loans to small businesses for payroll, mortgage interest, rent/lease, and utilities, through a program referred to as the Paycheck Protection Program ("PPP"). In April 2020, Congress authorized up to $310 billion in additional PPP funding.

16. The PPP allowed qualifying small businesses and other organizations to receive PPP loans. Businesses must use PPP loan proceeds for payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a certain percentage of the PPP loan proceeds for payroll expenses.

17. The amount of a PPP loan that a small business may have been entitled to receive was determined by the number of employees employed by the business and the business's average monthly payroll costs.

18. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) had to state, among other things, its (a) average monthly payroll expenses and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses

4

applying for a PPP loan had to provide documentation showing their payroll expenses.

19. The SBA oversaw the PPP. However, individual PPP loans were issued by private, approved lenders who received and processed PPP applications and supporting documentation, and then made loans using the lenders' own funds, which were 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, were transmitted by the lender to the SBA in the course of processing the loan.

### Background on Financial Institution 1

20. Financial Institution 1 was a non-bank financial institution headquartered in Laguna Hills, California. Financial Institution 1 participated in the SBA's PPP as a lender, and as such, was authorized to lend funds to eligible borrowers under the terms of the PPP.

### The Fraudulent PPP Loan Applications and Supporting Documentation

21. On or about the dates listed below, the defendants identified below submitted, or assisted in the submission of, a PPP loan application for the businesses identified below with the reported average monthly payroll and number of employees listed below, to Financial Institution 1 to issue PPP loans:

| Defendants | Business | Date Signed (on or about) | Avg. Monthly Payroll | Employees |
|---|---|---|---|---|
| BURGE, MAHEE, ALEXANDER | Elemental Comfort LLC | April 7, 2020 | $29,500 | 4 |

5

| DESTITO, MAHEE | HomePoppins.com LLC | April 8, 2020 | $31,893 | 5 |
|---|---|---|---|---|
| WHITE, MAHEE | AJW Home Services and Design LLC | April 10, 2020 | $19,360 | 5 |
| MAHEE, ALEXANDER | ARG Media LLC | April 11, 2020 | $144,685 | 20 |
| BROWN, MAHEE, ALEXANDER | BHG LLC | April 15, 2020 | $17,500 | 6 |
| STEPHENS, MAHEE | 31 Minds LLC | May 7, 2020 | $23,833 | 4 |
| LEWTON, MAHEE | Powers Transport Group LLC | May 24, 2020 | $23,169 | 4 |
| GODBOLDO, MAHEE, ALEXANDER | Mahout Star LLC | June 9, 2020 | $123,759 | 15 |
| OVERMAN, GODBOLDO, MAHEE, ALEXANDER | Bryanston Square Inc. | June 9, 2020 | $90,426 | 11 |
| LEWTON, MAHEE | DirtySouthHipHop Online Media Group LLC | August 5, 2020 | $154,585 | 15 |

22. Each PPP Borrower Application Form was manually or electronically signed on or about the dates listed in paragraph 21.

23. In addition, the loan applications contained the respective initials of each purported business owner to certify each of the following representations:

> a. The Applicant business was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC;
>
> b. The funds will be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments; and

    c.  The information provided in the application and the information provided in all supporting documents and forms is true and accurate in all material respects.

24. The PPP loan applications listed in paragraph 21 each included falsified Internal Revenue Service (IRS) Forms 941 for multiple quarters of 2019 and/or 2020. The IRS Form 941 is the Employer's Quarterly Federal Tax Return. This form is used by employers to report income taxes, FICA taxes, Social Security tax, or Medicare tax withheld from employees' paychecks, and to pay the employer's portion of Social Security or Medicare tax. Generally, any person or business that pays wages to an employee must file a Form 941 each quarter and must continue to do so even if there are no employees during some of the quarters. The PPP loan applications listed in paragraph 21 included falsified Forms 941 for the respective businesses as follows:

    a.  The PPP application for ARG Media LLC included falsified Forms 941 for the third and fourth quarter of 2019.

    b.  The PPP applications for Elemental Comfort LLC, BHG LLC, and 31 Minds LLC included falsified Forms 941 for each quarter of 2019.

    c.  The PPP applications for HomePoppins.com LLC, AJW Home Services and Design LLC, Powers Transport Group LLC, Mahout Star LLC, and Bryanston Square Inc. included falsified Forms 941 for each quarter of 2019 and the first quarter of 2020.

    d. The PPP application for DirtySouthHipHop Online Media Group
       LLC included falsified Forms 941 for each quarter of 2019 and the
       first and second quarters of 2020.

25. In addition, the PPP loan applications listed in paragraph 21 each included falsified payroll documentation, including purported payroll spreadsheets and/or a purported payroll calculator.

26. For each of the loan applications listed in paragraph 21, the falsified Forms 941 were created and submitted by Mason, at the direction of defendant MAHEE. Mason also created the purported payroll spreadsheets and/or purported payroll calculators.

27. The purported business owners knew the Forms 941 filed with their businesses' respective loan applications were falsified. Defendants MAHEE and ALEXANDER, and the purported business owners communicated with Mason about the fraudulent PPP loan applications, as well as the amounts to include on the Forms 941 and purported payroll spreadsheets submitted with the applications.

28. None of the Forms 941 included with the PPP loan applications listed in paragraph 21 was filed with the IRS. With the exception of ARG Media LLC, none of the businesses listed in paragraph 21 filed any Forms 941 in 2019. ARG Media LLC filed a Form 941 in 2019, but did not report any wages. In fact, during the period captured by the Forms 941, the businesses listed in paragraph 21 did not: (1) pay unemployment tax to the IRS, or (2) withhold federal income tax for any employee. HomePoppins.com LLC, 31 Minds LLC, Powers Transport Group

LLC, and DirtySouthHipHop Online Media Group LLC did not make any tax filings with the IRS.

**PPP Loan Funding and Transfers of Money**

29. Based on fraudulent and false representations and submissions made by and on behalf of the purported business owners, Financial Institution 1 funded the PPP loans as follows:

    a. On or about May 14, 2020, approximately $94,582.50 in PPP loan funds was distributed by Financial Institution 1 to Elemental Comfort LLC.

    b. On or about May 14, 2020, approximately $43,750.00 in PPP loan funds was distributed by Financial Institution 1 to BHG, LLC.

    c. On or about May 14, 2020, approximately $361,710.00 in PPP loan funds was distributed by Financial Institution 1 to ARG Media LLC.

    d. On or about May 14, 2020, approximately $59,582.50 in PPP loan funds was distributed by Financial Institution 1 to 31 Minds LLC.

    e. On or about June 4, 2020, approximately $57,922.00 in PPP loan funds was distributed by Financial Institution 1 to Powers Transport Group LLC.

    f. On or about June 18, 2020, approximately $309,400.00 in PPP loan funds was distributed by Financial Institution 1 to Mahout Star LLC.

    g. On or about June 30, 2020, approximately $48,400.00 in PPP loan funds was distributed by Financial Institution 1 to AJW Homes Services and Design LLC.

h. On or about June 30, 2020, approximately $226,065.00 in PPP loan funds was distributed by Financial Institution 1 to Bryanston Square Inc.

i. On or about July 2, 2020, approximately $79,725.00 in PPP loan funds was distributed by Financial Institution 1 to HomePoppins.com LLC.

30. The loan application submitted for DirtySouthHipHop LLC in the amount of $386,463.00 was denied and never funded.

31. For their work on the PPP loan applications, Mason and defendant MAHEE received and expected to receive two to five percent of the funded loan amount as a "success fee" from each purported business owner. After the PPP loan funds were distributed, defendants DESTITO, WHITE, BROWN, STEPHENS, LEWTON, GODBOLDO, and OVERMAN transferred and directed the transfer of a percentage of the PPP proceeds for their respective loans to Mason, defendant MAHEE, or their businesses as a "success fee."

## Count One
*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendants MAHEE and ALEXANDER)

32. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31 of this Indictment as if fully set forth herein.

33. From at least on or about April 1, 2020 through on or about August 9, 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

10

RICHARD MAHEE, and
KRISTEN ALEXANDER,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, Mark Mason, and others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in doing so, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## **Manner and Means**

34. Defendants MAHEE and ALEXANDER, together with Mason and others known and unknown to the Grand Jury, conspired to submit false materials, such as false PPP loan applications and false IRS Forms 941 to Financial Institution 1 to obtain PPP loan funding.

35. It was part of the conspiracy that defendant MAHEE directed MASON to fabricate documents on behalf of "clients" that defendant MAHEE identified (defendants BURGE, DESTITO, WHITE, BROWN, STEPHENS, LEWTON, GODBOLDO, and OVERMAN) so they could apply for and receive PPP loans. Defendant MAHEE also directed Mason to fabricate IRS Forms 941 to be submitted with defendant MAHEE'S own PPP loan application for the business ARG Media LLC. The purpose of the false Forms 941 was to circumvent Financial Institution 1's

11

requirement that prospective borrowers submit Forms 941 to support the payroll figures that served as the basis for PPP loan amounts.  Mason created the falsified Forms 941 on behalf of the purported business owners. The Forms 941 that Mason created, which had never been filed with the IRS, were submitted in support of the PPP loan applications set forth in paragraph 21.

36. It was also part of the conspiracy that defendant ALEXANDER assisted in the preparation of the loan documents for submission to Financial Institution 1 on behalf of defendant MAHEE'S clients, which she knew included false tax information in the form of the fabricated Forms 941. Defendant ALEXANDER also assisted in the collection of the "success fees" charged by Mason and defendant MAHEE in exchange for their roles in creating and submitting the falsified loan applications.

37. Throughout the conspiracy, defendants MAHEE and ALEXANDER, together with Mason, utilized interstate wires to submit, assist in the submission, and communicate with each other and the purported business owners about the submission of false documents to Financial Institution 1 when applying for a PPP loan, including fabricated IRS Forms 941 listing falsified payroll information and false loan documentation that listed false payroll information, false employment information, and a false purpose for the loan funding.

All in violation of Title 18, United States Code, Section 1349.

## Count Two
*Conspiracy to Commit Wire Fraud – 18 U.S.C. § 1349*
(Defendants MAHEE, BURGE, and ALEXANDER)

38. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31 and 34 through 37, of this Indictment as if fully set forth herein.

39. From on or about April 4, 2020 through on or about May 20, 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

RICHARD MAHEE,
DAVID BURGE, and
KRISTEN ALEXANDER,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, Mark Mason, and others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in doing so, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## Manner and Means

40. Defendants MAHEE, BURGE, and ALEXANDER, together with Mason and others known and unknown to the Grand Jury, conspired to submit false

13

materials, such as a false PPP loan application and false IRS Forms 941, to Financial Institution 1 to obtain PPP loan funding.

41. As part of the conspiracy, defendants MAHEE, BURGE, and ALEXANDER, together with Mason, submitted false documents to Financial Institution 1 when applying for a PPP loan on behalf of Elemental Comfort LLC, including fabricated IRS Forms 941 listing falsified payroll information. Mason created the falsified Forms 941 on behalf of defendant BURGE. The Forms 941 that Mason created, which had never been filed with the IRS, were submitted in support of the PPP loan application. The purpose of the false Forms 941 was to circumvent Financial Institution 1's requirement that prospective borrowers submit Forms 941 to support the payroll figures that served as the basis for PPP loan amounts.

42. The fabricated Forms 941 reflected the following payroll figures for 2019:

| Business | Q1 2019 Jan – Mar | Q2 2019 Apr – Jun | Q3 2019 Jul – Sep | Q4 2019 Oct – Dec |
|---|---|---|---|---|
| ELEMENTAL COMFORT LLC | 4 employees $88,500.00 | 4 employees $88,500.00 | 4 employees $88,500.00 | 4 employees $88,500.00 |

43. In fact, in 2019, Elemental Comfort LLC did not: (1) file any Forms 941 with the IRS, (2) pay unemployment tax to the IRS, or (3) withhold federal income tax for any employee.

44. In addition, Mason created and submitted falsified payroll documentation for Elemental Comfort LLC, including a purported payroll calculator listing Elemental Comfort LLC's average monthly payroll as $37,833 and the requested loan amount as $94,583.

45. When the PPP loan application for Elemental Comfort LLC was submitted, defendants MAHEE, BURGE, and ALEXANDER, together with Mason, knew that the application attached Forms 941 that had never been filed with the IRS.

46. Throughout the conspiracy, defendants MAHEE, BURGE, and ALEXANDER, together with Mason, utilized interstate wires to submit, assist in the submission, and communicate about the submission of false documents to Financial Institution 1 when applying for a PPP loan, including fabricated IRS Forms 941 listing falsified payroll information and false loan documentation that listed false payroll information, false employment information, and a false purpose for the loan funding.

47. As a result of and based on the fraudulent and false representations and submissions made by defendants MAHEE, BURGE, and ALEXANDER, together with Mason, Financial Institution 1 distributed the loan proceeds of the Elemental Comfort LLC loan as described in paragraph 29.

All in violation of Title 18, United States Code, Section 1349.

### Counts Three through Eight
*Wire Fraud* – 18 U.S.C. § 1343
(Defendants MAHEE, BURGE, and ALEXANDER)

48. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31, 34 through 37, and 40 through 47, of this Indictment as if fully set forth herein.

49. On or about the dates listed in Column C, in the Northern District of Georgia and elsewhere, the defendants listed in Column B, aided and abetted by each other, Mark Mason, and other persons known and unknown to the Grand

Jury, for the purpose of executing and attempting to execute the aforementioned

scheme and artifice to defraud, and to obtain money and property by means of

materially false and fraudulent pretenses, representations, and promises, and by

omission of material facts, knowing and having reason to know that the pretense,

representation, promise, and omission was and would be material, did, with

intent to defraud, cause to be transmitted by means of a wire communication in

interstate and foreign commerce certain writings, signs, and signals – that is, the

electronic transmissions listed in Column D.

| A Count | B Defendant(s) | C Date (on or about) | D Description of Wire Transmission |
|---------|----------------|----------------------|-------------------------------------|
| Three | MAHEE BURGE ALEXANDER | April 4, 2020 | Email from defendant MAHEE to Mason and defendant BURGE, Bcc: defendant ALEXANDER, with the subject "Fwd: Dirty South Hip Hop $$$," in which defendant MAHEE provided figures for the monthly payroll costs for Elemental Comfort LLC and attached a blank PPP borrower application form. |
| Four | MAHEE BURGE | April 7, 2020 | Email from defendant BURGE to Mason and defendant MAHEE, with the subject "Re: Updated Form," in which defendant BURGE attached a completed PPP Borrower Form application for Elemental Comfort LLC. |
| Five | MAHEE | April 10, 2020 | Email from Mason to defendant MAHEE, with the subject "941 for Elemental Comfort," in which Mason attached a blank, fillable Form 941 and |

| | | | a spreadsheet labeled "Elemental Comfort Payroll.xlsx." |
|---|---|---|---|
| **Six** | MAHEE ALEXANDER | April 11, 2020 | Email from defendant MAHEE to Mason, Bcc: defendant ALEXANDER and others, with the subject "Elemental Comfort f941 2020 Q1-2, 2019 Q2-4," in which defendant MAHEE attached Forms 941 created for Elemental Comfort. |
| **Seven** | BURGE | April 13, 2020 | Email from Mason to defendant BURGE, with the subject "Re: HIGHEST PRIORITY David Burge Family," in which Mason asked defendant BURGE to forward the email he was about to receive from Financial Institution 1 to access the online application portal. |
| **Eight** | BURGE | April 13, 2020 | Email from defendant BURGE to Mason, with the subject "Fwd: Your Application," in which defendant BURGE forwarded the link to the Financial Institution 1 online application portal. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Count Nine
*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendants MAHEE and DESTITO)

50. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31 and 34 through 37 of this Indictment as if fully set forth herein.

51. From on or about April 3, 2020 through on or about July 3, 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

RICHARD MAHEE, and
GINA DESTITO,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, Mark Mason, and others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in doing so, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

**Manner and Means**

52. Defendants MAHEE and DESTITO, together with Mason and others known and unknown to the Grand Jury, conspired to submit false materials, such as a false PPP loan application and false IRS Forms 941, to Financial Institution 1 to obtain PPP loan funding.

53. As part of the conspiracy, defendants MAHEE and DESTITO, together with Mason, submitted false documents to Financial Institution 1 when applying for a PPP loan on behalf of HomePoppins.com LLC, including fabricated IRS Forms 941 listing falsified payroll information. Mason created the falsified Forms 941 on

18

behalf of defendant DESTITO. The Forms 941 that Mason created, which had never been filed with the IRS, were submitted in support of the PPP loan application. The purpose of the false Forms 941 was to circumvent Financial Institution 1's requirement that prospective borrowers submit Forms 941 to support the payroll figures that served as the basis for PPP loan amounts.

54. The fabricated Forms 941 reflected the following payroll figures for 2019 and 2020:

| Business | Q1 2019 Jan – Mar | Q2 2019 Apr – Jun | Q3 2019 Jul – Sep | Q4 2019 Oct – Dec | Q1 2020 Jan – Mar |
|---|---|---|---|---|---|
| HOMEPOPPINS.COM LLC | 3 employees $94,791.00 | 3 employees $96,061.00 | 3 employees $96,670.00 | 3 employees $96,189.00 | 2 employees $85,624.00 |

55. In fact, in 2019 and 2020, HomePoppins.com LLC did not: (1) make any tax filings with the IRS, (2) pay unemployment tax to the IRS, or (3) withhold federal income tax for any employee.

56. In addition, Mason created and submitted falsified payroll documentation for HomePoppins.com LLC, including purported payroll spreadsheets and a purported payroll calculator.

57. When the PPP loan application for HomePoppins.com LLC was submitted, defendants MAHEE and DESTITO, together with Mason, knew that the application attached Forms 941 that had never been filed with the IRS.

58. Throughout the conspiracy, defendants MAHEE and DESTITO, together with Mason, utilized interstate wires to submit, assist in the submission, and communicate about the submission of false documents to Financial Institution 1 when applying for a PPP loan, including fabricated IRS Forms 941 listing

falsified payroll information and false loan documentation that listed false payroll information, false employment information, and a false purpose for the loan funding.

59. As a result of and based on the fraudulent and false representations and submissions made by defendants MAHEE and DESTITO, together with Mason, Financial Institution 1 distributed the loan proceeds of the Home Poppins LLC loan as described in paragraph 29.

All in violation of Title 18, United States Code, Section 1349.

### Counts Ten Through Thirteen
*Wire Fraud* – 18 U.S.C. § 1343
(Defendants MAHEE and DESTITO)

60. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31, 34 through 37, and 52 through 59 of this Indictment as if fully set forth herein.

61. On or about the dates listed in Column C, in the Northern District of Georgia and elsewhere, the defendants listed in Column B, aided and abetted by each other, Mark Mason, and other persons known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, knowing and having reason to know that the pretense, representation, promise, and omission was and would be material, did, with intent to defraud, cause to be transmitted by means of a wire communication in

interstate and foreign commerce certain writings, signs, and signals – that is, the electronic transmissions listed in Column D.

| A<br>Count | B<br>Defendant(s) | C<br>Date<br>(on or about) | D<br>Description of Wire Transmission |
|---|---|---|---|
| **Ten** | MAHEE<br>DESTITO | April 3, 2020 | Email from defendant MAHEE to Mason and defendant DESTITO, with the subject "Fwd: PPP New Changed and Application," in which defendant MAHEE introduced defendant DESTITO to Mason for a PPP loan and attached a blank PPP application. |
| **Eleven** | DESTITO | April 6, 2020 | Email from Mason to defendant DESTITO, with the subject "RE: IRS EIN Form or other," in which Mason wrote, "Ok, we will find a work around," and requested additional documents to support the PPP loan application. |
| **Twelve** | MAHEE<br>DESTITO | April 8, 2020 | Email from defendant DESTITO to Mason, and defendant MAHEE, with the subject "Latest Form for SBA," in which defendant DESTITO attached a document labeled "PPP Borrower Application Form REVISED 4-6-20 copy.pdf." |
| **Thirteen** | DESTITO | April 17, 2020 | Email from defendant DESTITO to Mason, with the subject "Re: PPP Link" in which defendant DESTITO forwarded the link to the Financial Institution 1 online application portal. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Count Fourteen

*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendants MAHEE and WHITE)

62. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31 and 34 through 37, of this Indictment as if fully set forth herein.

63. From on or about April 7, 2020 through on or about July 7, 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

RICHARD MAHEE, and
JIM WHITE

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, Mark Mason, and others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in doing so, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## Manner and Means

64. Defendants MAHEE and WHITE, together with Mason and others known and unknown to the Grand Jury, conspired to submit false materials, such as a

22

false PPP loan application and false IRS Forms 941, to Financial Institution 1 to obtain PPP loan funding.

65. As part of the conspiracy, defendants MAHEE and WHITE, together with Mason, submitted false documents to Financial Institution 1 when applying for a PPP loan on behalf of AJW Home Services and Design LLC, including fabricated IRS Forms 941 listing falsified payroll information. Mason created the falsified Forms 941 on behalf of defendant WHITE. The Forms 941 that Mason created, which had never been filed with the IRS, were submitted in support of the PPP loan application. The purpose of the false Forms 941 was to circumvent Financial Institution 1's requirement that prospective borrowers submit Forms 941 to support the payroll figures that served as the basis for PPP loan amounts.

66. The fabricated Forms 941 reflected the following payroll figures for 2019 and 2020:

| Business | Q1 2019 Jan – Mar | Q2 2019 Apr – Jun | Q3 2019 Jul – Sep | Q4 2019 Oct – Dec | Q1 2020 Jan – Mar |
|---|---|---|---|---|---|
| AJW HOME SERVICES AND DESIGN LLC | 5 employees $55,536.00 | 5 employees $55,536.00 | 5 employees $55,536.00 | 5 employees $55,536.00 | 5 employees $49,566.00 |

67. In fact, in 2019, AJW Home Services and Design LLC did not: (1) file any Forms 941 with the IRS, (2) pay unemployment tax to the IRS, or (3) withhold federal income tax for any employee.

68. In addition, Mason created and submitted falsified payroll documentation for AJW Home Services and Design LLC, including purported payroll spreadsheets and a purported payroll calculator.

69. When the PPP loan application for AJW Home Services and Design LLC was submitted, defendants MAHEE and WHITE, together with Mason, knew that the application attached Forms 941 that had never been filed with the IRS.

70. Throughout the conspiracy, defendants MAHEE and WHITE, together with Mason, utilized interstate wires to submit, assist in the submission, and communicate about the submission of false documents to Financial Institution 1 when applying for a PPP loan, including fabricated IRS Forms 941 listing falsified payroll information and false loan documentation that listed false payroll information, false employment information, and a false purpose for the loan funding.

71. As a result of and based on the fraudulent and false representations and submissions made by defendants MAHEE and WHITE, together with Mason, Financial Institution 1 distributed the loan proceeds of the AJW Home Services and Design LLC loan as described in paragraph 29.

All in violation of Title 18, United States Code, Section 1349.

### Counts Fifteen through Twenty
*Wire Fraud* – 18 U.S.C. § 1343
(Defendants MAHEE and WHITE)

72. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31, 34 through 37, and 64 through 71 of this Indictment as if fully set forth herein.

73. On or about the dates listed in Column C, in the Northern District of Georgia and elsewhere, the defendants listed in Column B, aided and abetted by each other, Mark Mason, and other persons known and unknown to the Grand

Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, knowing and having reason to know that the pretense, representation, promise, and omission was and would be material, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, and signals – that is, the electronic transmissions listed in Column D.

| A<br>Count | B<br>Defendant(s) | C<br>Date<br>(on or about) | D<br>Description of Wire<br>Transmission |
|---|---|---|---|
| Fifteen | MAHEE<br>WHITE | April 7, 2020 | Email from defendant MAHEE to Mason and defendant WHITE, with the subject, "Fwd: SBA Follow Up," in which defendant MAHEE attached a blank PPP borrower application form and wrote, "Jim, fill this out and give me your payroll amounts. Lets work to get you some capital. Mark will assist." |
| Sixteen | MAHEE<br>WHITE | April 10, 2020 | Email from defendant WHITE to Mason, defendant MAHEE, and another individual, with the subject "Payroll Protection Program Form," in which defendant WHITE attached a completed and signed PPP borrower application form. |
| Seventeen | MAHEE<br>WHITE | April 10, 2020 | Email from defendant WHITE to Mason, defendant MAHEE, and another individual, with the subject "Re: Payroll Protection |

| | | | Program Form," in which defendant WHITE wrote, "I never filed a 914 form. Also the payroll Numbers I entered on the form would be for the payroll of the future project we are working on with Richard and Michael. Please advise what I would need to change on that form or how to proceed. Thank you very much." |
|---|---|---|---|
| **Eighteen** | MAHEE WHITE | April 10, 2020 | Email from Mason to defendants WHITE and MAHEE, and another individual, with the subject "Re: Payroll Protection Program Form," in which Mason wrote, "We got it. No worries." |
| **Nineteen** | MAHEE WHITE | April 14, 2020 | Email from defendant WHITE to Mason, defendant MAHEE, and another individual, with the subject "Fwd: Your Application," in which defendant WHITE forwarded the link to the Financial Institution 1 online application portal. |
| **Twenty** | WHITE | June 9, 2020 | Email from defendant WHITE to Mason, with the subject "Fwd: Your Application," in which defendant WHITE forwarded the link to the Financial Institution 1 online application portal. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Count Twenty-One**
*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendants MAHEE and ALEXANDER)

74. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31 and 34 through 37, of this Indictment as if fully set forth herein.

75. From on or about April 10, 2020 through on or about May 14, 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

RICHARD MAHEE, and
KRISTEN ALEXANDER

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, Mark Mason, and others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in doing so, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

**Manner and Means**

76. Defendants MAHEE and ALEXANDER, together with Mason and others known and unknown to the Grand Jury, conspired to submit false materials,

such as a false PPP loan application and false IRS Forms 941, to Financial Institution 1 to obtain PPP loan funding.

77. As part of the conspiracy, defendants MAHEE and ALEXANDER, together with Mason, submitted false documents to Financial Institution 1 when applying for a PPP loan on behalf of ARG Media LLC, including fabricated IRS Forms 941 listing falsified payroll information. Mason created the falsified Forms 941 on behalf of defendant MAHEE. The Forms 941 that Mason created, which had never been filed with the IRS, were submitted in support of the PPP loan application. The purpose of the false Forms 941 was to circumvent Financial Institution 1's requirement that prospective borrowers submit Forms 941 to support the payroll figures that served as the basis for PPP loan amounts.

78. The fabricated Forms 941 reflected the following payroll figures for 2019:

| Business | Q3 2019 Jul – Sep | Q4 2019 Oct – Dec |
|---|---|---|
| ARG MEDIA LLC | 20 employees $514,686.00 | 20 employees $521,556.00 |

79. In fact, in 2019, ARG Media LLC did not: (1) file any Forms 941 claiming wages with the IRS, (2) pay unemployment tax to the IRS, or (3) withhold federal income tax for any employee.

80. When the PPP loan application for ARG Media LLC was submitted, defendants MAHEE and ALEXANDER, together with Mason, knew that the application attached Forms 941 that had never been filed with the IRS.

81. Throughout the conspiracy, defendants MAHEE and ALEXANDER, together with Mason, utilized interstate wires to submit, assist in the submission, and

communicate about the submission of false documents to Financial Institution 1 when applying for a PPP loan, including fabricated IRS Forms 941 listing falsified payroll information and false loan documentation that listed false payroll information, false employment information, and a false purpose for the loan funding.

82. As a result of and based on the fraudulent and false representations and submissions made by defendants MAHEE and ALEXANDER, together with Mason, Financial Institution 1 distributed the loan proceeds of the ARG Media LLC loan as described in paragraph 29.

All in violation of Title 18, United States Code, Section 1349.

### Counts Twenty-Two through Twenty-Six
*Wire Fraud* – 18 U.S.C. § 1343
(Defendants MAHEE and ALEXANDER)

83. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31, 34 through 37, and 76 through 82, of this Indictment as if fully set forth herein.

84. On or about the dates listed in Column C, in the Northern District of Georgia and elsewhere, the defendants listed in Column B, aided and abetted by each other, Mark Mason, and other persons known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, knowing and having reason to know that the pretense, representation, promise, and omission was and would be material, did, with

29

intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, and signals – that is, the electronic transmissions listed in Column D.

| A Count | B Defendant(s) | C Date (on or about) | D Description of Wire Transmission |
|---------|----------------|----------------------|-----------------------------------|
| Twenty-Two | MAHEE | April 10, 2020 | Email from Mason to defendant MAHEE, with the subject "941 Forms for ARG," in which Mason attached spreadsheets labeled (1) ARG Media Holdings 84-1803189 Payroll.xlsx; (2) ARG Media payroll.xlsx; and (3) P3 Mahvrick 82-3469199 Payroll.xlsx. |
| Twenty-Three | MAHEE ALEXANDER | April 11, 2020 | Email from defendant MAHEE to Mason, Bcc: defendant ALEXANDER and others, with the subject "ARG Holdings 941 Q3 Q4 2019, Q1 Q2 2020," in which MAHEE attached Forms 941 created for ARG Media for Q3 2019, Q4 2019, Q1 2020, and Q2 2020. |
| Twenty-Four | MAHEE | April 12, 2020 | Email from defendant MAHEE to Mason, with the subject "ARG Media f941," in which defendant MAHEE attached Forms 941 created for ARG Media for Q1 2020 and Q2 2020. |
| Twenty-Five | MAHEE | April 12, 2020 | Email from Mason to defendant MAHEE, with the subject "Sign PPP App and Return," in which Mason attached a completed PPP Application form for ARG Media that had not been signed or initialed. |

| Twenty-Six | MAHEE ALEXANDER | April 14, 2020 | Email from defendant MAHEE to Mason, Bcc: defendant ALEXANDER and others, subject "My [Financial Institution 1] Link Opens Like I have submitted," in which defendant MAHEE attached screenshots from the application page from Financial Institution 1. |
|---|---|---|---|

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Count Twenty-Seven
*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendants MAHEE, ALEXANDER, and BROWN)

85. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31 and 34 through 37 of this Indictment as if fully set forth herein.

86. From on or about April 2, 2020 through on or about June 3, 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

RICHARD MAHEE,
KRISTEN ALEXANDER, AND
MORGAN BROWN

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, Mark Mason, and others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that

31

said omissions were and would be material, and, in doing so, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

### Manner and Means

87. Defendants MAHEE, ALEXANDER, and BROWN, together with Mason and others known and unknown to the Grand Jury, conspired to submit false materials, such as a false PPP loan application and false IRS Forms 941, to Financial Institution 1 to obtain PPP loan funding.

88. As part of the conspiracy, defendants MAHEE, ALEXANDER, and BROWN, together with Mason, submitted false documents to Financial Institution 1 when applying for a PPP loan on behalf of BHG LLC, including fabricated IRS Forms 941 listing falsified payroll information. Mason created the falsified Forms 941 on behalf of defendant BROWN. The Forms 941 that Mason created, which had never been filed with the IRS, were submitted in support of the PPP loan application. The purpose of the false Forms 941 was to circumvent Financial Institution 1's requirement that prospective borrowers submit Forms 941 to support the payroll figures that served as the basis for PPP loan amounts.

89. The fabricated Forms 941 reflected the following payroll figures for 2019:

| Business | Q1 2019 Jan – Mar | Q2 2019 Apr – Jun | Q3 2019 Jul – Sep | Q4 2019 Oct – Dec |
|---|---|---|---|---|
| BHG LLC | 6 employees $70,000.00 | 6 employees $70,000.00 | 6 employees $70,000.00 | 6 employees $70,000.00 |

90. In fact, in 2019, BHG LLC did not: (1) file any Forms 941 with the IRS, (2) pay unemployment tax to the IRS, or (3) withhold federal income tax for any employee.

91. In addition, Mason created and submitted falsified payroll documentation for BHG LLC, including a purported payroll calculator.

92. When the PPP loan application for BHG LLC was submitted, defendants MAHEE, ALEXANDER, and BROWN, together with Mason, knew that the application attached Forms 941 that had never been filed with the IRS.

93. Throughout the conspiracy, defendants MAHEE, ALEXANDER, and BROWN, together with Mason, utilized interstate wires to submit, assist in the submission, and communicate about the submission of false documents to Financial Institution 1 when applying for a PPP loan, including fabricated IRS Forms 941 listing falsified payroll information and false loan documentation that listed false payroll information, false employment information, and a false purpose for the loan funding.

94. As a result of and based on the fraudulent and false representations and submissions made by defendants MAHEE, ALEXANDER, and BROWN, together with Mason, Financial Institution 1 distributed the loan proceeds of the BHG LLC loan as described in paragraph 29.

All in violation of Title 18, United States Code, Section 1349.

## Counts Twenty-Eight through Thirty-Four
### *Wire Fraud* – 18 U.S.C. § 1343
### (Defendants MAHEE, ALEXANDER, and BROWN)

95. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31, 34 through 37, and 87 through 94, of this Indictment as if fully set forth herein.

96. On or about the dates listed in Column C, in the Northern District of Georgia and elsewhere, the defendants listed in Column B, aided and abetted by each other, Mark Mason, and other persons known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, knowing and having reason to know that the pretense, representation, promise, and omission was and would be material, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, and signals – that is, the electronic transmissions listed in Column D.

| A<br>Count | B<br>Defendant(s) | C<br>Date<br>(on or about) | D<br>Description of Wire Transmission |
|---|---|---|---|
| Twenty-Eight | MAHEE<br>ALEXANDER<br>BROWN | April 2, 2020 | Email from defendant MAHEE to Mason, and defendants ALEXANDER and BROWN, with the subject "Fwd: Signed," which attached an electronically signed copy of a PPP Application certifications and signature page. |
| Twenty-Nine | MAHEE | April 10, 2020 | Email from Mason to defendant MAHEE, with the subject "941-2019 |

| | | | |
|---|---|---|---|
| | | | Quarterly," in which Mason attached completed Forms 941 for Atlanta Business Capital, a blank and fillable Form 941, and a spreadsheet labeled "Brown House Group LLC (BHG LLC) Payroll." |
| **Thirty** | MAHEE ALEXANDER | April 11, 2020 | Email from defendant MAHEE to Mason, Bcc: defendant ALEXANDER, with the subject "BHG LLC," in which MAHEE attached Forms 941 for BHG LLC for Q4 2019, Q1 2020, and Q2 2020. |
| **Thirty-One** | BROWN | April 15, 2020 | Email from defendant BROWN to Mason, with the subject "Fwd: Your Application," in which defendant BROWN forwarded the link to the Financial Institution 1 online application portal. |
| **Thirty-Two** | BROWN | April 15, 2020 | Email from Mason to defendant BROWN, with the subject "Re: Email for PPP," in which Mason attached a blank PPP borrower application form and wrote, "Morgan can you complete this application ASAP." |
| **Thirty-Three** | MAHEE BROWN | April 15, 2020 | Email from defendant MAHEE to Mason and defendant BROWN, with the subject "BHG Payroll," in which defendant MAHEE listed BHG LLC's monthly salaries for six employees, including himself and defendants BROWN and ALEXANDER. |
| **Thirty-Four** | BROWN | April 15, 2020 | Email from defendant BROWN to Mason, with the subject "Re: Email for PPP," in which defendant BROWN attached a completed Borrower Application form for |

| | | | BHG LLC labeled "Signed SBA for Mark." |
|---|---|---|---|

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Count Thirty-Five

*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendants MAHEE and STEPHENS)

97. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31 and 34 through 37 of this Indictment as if fully set forth herein.

98. From on or about April 7, 2020 through on or about May 26, 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

RICHARD MAHEE, AND
CARLOS STEPHENS

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, Mark Mason, and others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in doing so, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

**Manner and Means**

99. Defendants MAHEE and STEPHENS, together with Mason and others known and unknown to the Grand Jury, conspired to submit false materials, such as a false PPP loan application and false IRS Forms 941, to Financial Institution 1 to obtain PPP loan funding.

100.    As part of the conspiracy, defendants MAHEE and STEPHENS, together with Mason, submitted false documents to Financial Institution 1 when applying for a PPP loan on behalf of 31 Minds LLC, including fabricated IRS Forms 941 listing falsified payroll information. Mason created the falsified Forms 941 on behalf of defendant STEPHENS. The Forms 941 that Mason created, which had never been filed with the IRS, were submitted in support of the PPP loan application. The purpose of the false Forms 941 was to circumvent Financial Institution 1's requirement that prospective borrowers submit Forms 941 to support the payroll figures that served as the basis for PPP loan amounts.

101.    The fabricated Forms 941 reflected the following payroll figures for 2019:

| Business | Q1 2019 Jan – Mar | Q2 2019 Apr – Jun | Q3 2019 Jul – Sep | Q4 2019 Oct – Dec |
|---|---|---|---|---|
| 31 MINDS LLC | 4 employees $46,500.00 | 4 employees $46,500.00 | 4 employees $46,500.00 | 4 employees $46,500.00 |

102.    In fact, in 2019, 31 Minds LLC did not: (1) make any tax filings with the IRS, (2) pay unemployment tax to the IRS, or (3) withhold federal income tax for any employee.

103.   In addition, Mason created and submitted falsified payroll documentation for 31 Minds LLC, including a purported payroll calculator listing 31 Minds LLC's average monthly payroll as $23,833 and the requested loan amount as $59,583.

104.   When the PPP loan application for 31 Minds LLC was submitted, defendants MAHEE and STEPHENS, together with Mason, knew that the application attached Forms 941 that had never been filed with the IRS.

105.   Throughout the conspiracy, defendants MAHEE and STEPHENS, together with Mason, utilized interstate wires to submit, assist in the submission, and communicate about the submission of false documents to Financial Institution 1 when applying for a PPP loan, including fabricated IRS Forms 941 listing falsified payroll information and false loan documentation that listed false payroll information, false employment information, and a false purpose for the loan funding.

106.   As a result of and based on the fraudulent and false representations and submissions made by defendants MAHEE and STEPHENS, together with Mason, Financial Institution 1 distributed the loan proceeds of the 31 Minds LLC loan as described in paragraph 29.

All in violation of Title 18, United States Code, Section 1349.

### Counts Thirty-Six through Thirty-Eight
*Wire Fraud* – 18 U.S.C. § 1343
(Defendants MAHEE and STEPHENS)

107.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31, 34 through 37, and 99 through 106, of this Indictment as if fully set forth herein.

108.    On or about the dates listed in Column C, in the Northern District of Georgia and elsewhere, the defendants listed in Column B, aided and abetted by each other, Mark Mason, and other persons known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, knowing and having reason to know that the pretense, representation, promise, and omission was and would be material, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, and signals – that is, the electronic transmissions listed in Column D.

| A<br>Count | B<br>Defendant(s) | C<br>Date<br>(on or about) | D<br>Description of Wire Transmission |
| --- | --- | --- | --- |
| Thirty-Six | MAHEE<br>STEPHENS | April 7, 2020 | Email from defendant MAHEE to Mason and defendant STEPHENS, with the subject "Carlos Stephens," in which defendant MAHEE attached a blank PPP borrower application form, listed a series of expenses, and instructed defendant STEPHENS to complete the form and return it to Mason and himself. |

| Thirty-Seven | MAHEE STEPHENS | April 9, 2020 | Email from defendant STEPHENS to Mason and defendant MAHEE, with the subject "Re: Carlos Stephens," in which defendant STEPHENS attached a completed and signed PPP borrower application form and a letter from the IRS assigning 31 Minds LLC an Employer Identification Number. |
| Thirty-Eight | STEPHENS | April 14, 2020 | Email from defendant STEPHENS to Mason, with the subject "Fwd: Your Application," in which defendant STEPHENS forwarded the link to the Financial Institution 1 online application portal. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Count Thirty-Nine
*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendants MAHEE and LEWTON)

109.   The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31 and 34 through 37, of this Indictment as if fully set forth herein.

110.   From on or about April 3, 2020 through on or about June 9, 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

RICHARD MAHEE, AND
MARVIN LEWTON, A/K/A "SHADI POWERS,"

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, Mark Mason, and others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice

to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in doing so, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

**Manner and Means**

111.    Defendants MAHEE and LEWTON, together with Mason and others known and unknown to the Grand Jury, conspired to submit false materials, such as a false PPP loan application and false IRS Forms 941, to Financial Institution 1 to obtain PPP loan funding.

112.    As part of the conspiracy, defendants MAHEE and LEWTON, together with Mason, submitted false documents to Financial Institution 1 when applying for a PPP loan on behalf of Powers Transport Group LLC, including fabricated IRS Forms 941 listing falsified payroll information. Mason created the falsified Forms 941 on behalf of defendant LEWTON. The Forms 941 that Mason created, which had never been filed with the IRS, were submitted in support of the PPP loan application. The purpose of the false Forms 941 was to circumvent Financial Institution 1's requirement that prospective borrowers submit Forms 941 to support the payroll figures that served as the basis for PPP loan amounts.

113.    The fabricated Forms 941 reflected the following payroll figures for 2019 and 2020:

| Business | Q1 2019 Jan – Mar | Q2 2019 Apr – Jun | Q3 2019 Jul – Sep | Q4 2019 Oct – Dec | Q1 2020 Jan – Mar |
|---|---|---|---|---|---|
| POWERS TRANSPORT GROUP LLC | 4 employees $69,508.00 | 4 employees $70,564.00 | 4 employees $68,257.00 | 4 employees $68,257.00 | 2 employees $59,363.00 |

114.    In fact, during 2019 and the first quarter of 2020, Powers Transport Group LLC did not: (1) make any tax filings with the IRS, (2) pay unemployment tax to the IRS, or (3) withhold federal income tax for any employee.

115.    In addition, Mason created and submitted falsified payroll documentation for Powers Transport Group LLC, including purported payroll spreadsheets and a purported payroll calculator.

116.    When the PPP loan application for Powers Transport Group LLC was submitted, defendants MAHEE and LEWTON, together with Mason, knew that the application attached Forms 941 that had never been filed with the IRS.

117.    Throughout the conspiracy, defendants MAHEE and LEWTON, together with Mason, utilized interstate wires to submit, assist in the submission, and communicate about the submission of false documents to Financial Institution 1 when applying for a PPP loan, including fabricated IRS Forms 941 listing falsified payroll information and false loan documentation that listed false payroll information, false employment information, and a false purpose for the loan funding.

118.    As a result of and based on the fraudulent and false representations and submissions made by defendants MAHEE and LEWTON, together with Mason, Financial Institution 1 distributed the loan proceeds of the Powers Transport Group LLC loan as described in paragraph 29.

All in violation of Title 18, United States Code, Section 1349.

### Counts Forty through Forty-Three
*Wire Fraud* – 18 U.S.C. § 1343
(Defendants MAHEE and LEWTON)

119.   The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31, 34 through 37, and 111 through 118 of this Indictment as if fully set forth herein.

120.   On or about the dates listed in Column C, in the Northern District of Georgia and elsewhere, the defendants listed in Column B, aided and abetted by each other, Mark Mason, and other persons known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, knowing and having reason to know that the pretense, representation, promise, and omission was and would be material, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, and signals – that is, the electronic transmissions listed in Column D.

| A<br>Count | B<br>Defendant(s) | C<br>Date<br>(on or about) | D<br>Description of Wire Transmission |
|---|---|---|---|
| Forty | MAHEE<br>LEWTON | April 3, 2020 | Email from defendant MAHEE to Mason and defendant LEWTON, with the subject "Re: Dirty South Hip Hop $$$$," in which defendant MAHEE wrote, "Mark, this is a white glove client. DO him at $7500 per month." |
| Forty-One | LEWTON | May 28, 2020 | Email from Mason to defendant LEWTON, with the subject "Re: |

|  |  |  | URGENT – Your PPP loan application is missing information," in which Mason wrote, "Dont worry about that one. I am getting you 50K." |
|---|---|---|---|
| **Forty-Two** | LEWTON | May 29, 2020 | Email from defendant LEWTON to Mason, with the subject "Fwd: Your Application," in which defendant LEWTON forwarded the link to the Financial Institution 1 online application portal. |
| **Forty-Three** | LEWTON | May 30, 2020 | Email from defendant LEWTON to Mason, with the subject "EIN Letter," which attached a letter from the IRS assigning Powers Transport Group LLC an Employer Identification Number. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Count Forty-Four

*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendants MAHEE, ALEXANDER, and GODBOLDO)

121.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31 and 34 through 37 of this Indictment as if fully set forth herein.

122.    From on or about April 3, 2020 through on or about June 19, 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

RICHARD MAHEE,
KRISTEN ALEXANDER, AND
DALE GODBOLDO

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, Mark Mason, and others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in doing so, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## Manner and Means

123.   Defendants MAHEE, ALEXANDER, and GODBOLDO, together with Mason and others known and unknown to the Grand Jury, conspired to submit false materials, such as a false PPP loan application and false IRS Forms 941, to Financial Institution 1 to obtain PPP loan funding.

124.   As part of the conspiracy, defendants MAHEE, ALEXANDER, and GODBOLDO, together with Mason, submitted false documents to Financial Institution 1 when applying for a PPP loan on behalf of Mahout Star LLC, including fabricated IRS Forms 941 listing falsified payroll information. Mason created the falsified Forms 941 on behalf of defendant GODBOLDO. The Forms 941 that Mason created, which had never been filed with the IRS, were submitted in support of the PPP loan application. The purpose of the false Forms 941 was to circumvent Financial Institution 1's requirement that prospective borrowers

submit Forms 941 to support the payroll figures that served as the basis for PPP loan amounts.

125.    The fabricated Forms 941 reflected the following payroll figures for 2019 and 2020:

| Business | Q1 2019 Jan – Mar | Q2 2019 Apr – Jun | Q3 2019 Jul – Sep | Q4 2019 Oct – Dec | Q1 2020 Jan – Mar |
|---|---|---|---|---|---|
| MAHOUT STAR LLC | 15 employees $371,277.00 | 15 employees $371,277.00 | 15 employees $371,277.00 | 15 employees $371,277.00 | 15 employees $371,277.00 |

126.    In fact, in 2019 and the first quarter of 2020, Mahout Star LLC did not: (1) file any Forms 941 with the IRS, (2) pay unemployment tax to the IRS, or (3) withhold federal income tax for any employee.

127.    In addition, Mason created and submitted falsified payroll documentation for Mahout Star LLC, including purported payroll spreadsheets and a purported payroll calculator.

128.    When the PPP loan application for Mahout Star LLC was submitted, defendants MAHEE, ALEXANDER, and GODBOLDO, together with Mason, knew that the application attached Forms 941 that had never been filed with the IRS.

129.    Throughout the conspiracy, defendants MAHEE, ALEXANDER, and GODBOLDO, together with Mason, utilized interstate wires to submit, assist in the submission, and communicate about the submission of false documents to Financial Institution 1 when applying for a PPP loan, including fabricated IRS Forms 941 listing falsified payroll information and false loan documentation that listed false payroll information, false employment information, and a false purpose for the loan funding.

130.   As a result of and based on the fraudulent and false representations and submissions made by defendants MAHEE, ALEXANDER, and GODBOLDO, together with Mason, Financial Institution 1 distributed the loan proceeds of the Mahout Star LLC loan as described in paragraph 29.

All in violation of Title 18, United States Code, Section 1349.

### Counts Forty-Five through Forty-Eight
*Wire Fraud* – 18 U.S.C. § 1343
(Defendants ALEXANDER, and GODBOLDO)

131.   The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31, 34 through 37, and 123 through 130 of this Indictment as if fully set forth herein.

132.   On or about the dates listed in Column C, in the Northern District of Georgia and elsewhere, the defendants listed in Column B, aided and abetted by each other, Mark Mason, and other persons known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, knowing and having reason to know that the pretense, representation, promise, and omission was and would be material, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, and signals – that is, the electronic transmissions listed in Column D.

| A<br>Count | B<br>Defendant(s) | C<br>Date<br>(on or about) | D<br>Description of Wire Transmission |
|---|---|---|---|
| Forty-Five | GODBOLDO | June 8, 2020 | Email from Mason to defendant GODBOLDO, with the subject "Re: PPP/Next Phase," in which Mason attached a blank PPP borrower application form and instructed defendant GODBOLDO to complete it and return it to him. |
| Forty-Six | ALEXANDER GODBOLDO | June 9, 2020 | Email from Mason to defendants ALEXANDER and GODBOLDO, as well as others, with the subject "Re: PPP/Next Phase," in which Mason wrote, "Spoke with Dale last night and we good to moving forward with the right plan. He and ION will be into the system today for PPP funding once I get the signed applications and Drivers License for Dale." |
| Forty-Seven | ALEXANDER GODBOLDO | June 9, 2020 | Email from defendant GODBOLDO to Mason, defendant ALEXANDER, and others, with the subject "Re: PPP/Next Phase," which attached an image of defendant GODBOLDO'S California driver's license. |
| Forty-Eight | GODBOLDO | June 10, 2020 | Email from defendant GODBOLDO to Mason, with the subject "Fwd: Your Application," in which defendant GODBOLDO forwarded the link to the Financial Institution 1 online application portal. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Count Forty-Nine**
*Money Laundering* – 18 U.S.C. § 1957
(Defendant GODBOLDO)

133.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31, 34 through 37, 123 through 130, and 132 of this Indictment as if fully set forth herein.

134.    On or about June 19, 2020, in the Northern District of Georgia and elsewhere, the Defendant,

DALE GODBOLDO,

knowingly engaged in, attempted to engage in, and caused others to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transaction involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, 1343, by causing $15,970 in PPP loan funds to be received by Mason in a Wells Fargo bank account held in the name of Atlanta Business Capital through a wire transfer from a Chase business checking account ending in 0818, held in the name of Mahout Star LLC.

All in violation of Title 18, United States Code, Section 1957.

**Count Fifty**
*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendants MAHEE, ALEXANDER, OVERMAN, and GODBOLDO)

135.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31, 34 through 37, 123 through 130, and 132, of this Indictment as if fully set forth herein.

136.    From on or about April 3, 2020 through on or about July 10, 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

RICHARD MAHEE,
KRISTEN ALEXANDER,
ION OVERMAN, AND
DALE GODBOLDO

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, Mark Mason, and others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in doing so, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

**Manner and Means**

137.    Defendants MAHEE, ALEXANDER, OVERMAN, and GODBOLDO, together with Mason and others known and unknown to the Grand Jury, conspired to submit false materials, such as a false PPP loan application and false IRS Forms 941, to Financial Institution 1 to obtain PPP loan funding.

138.    As part of the conspiracy, defendants MAHEE, ALEXANDER, OVERMAN, and GODBOLDO, together with Mason, submitted false documents to Financial Institution 1 when applying for a PPP loan on behalf of Bryanston Square, Inc.,

including fabricated IRS Forms 941 listing falsified payroll information. Mason created the falsified Forms 941 on behalf of defendant OVERMAN. The Forms 941 that Mason created, which had never been filed with the IRS, were submitted in support of the PPP loan application. The purpose of the false Forms 941 was to circumvent Financial Institution 1's requirement that prospective borrowers submit Forms 941 to support the payroll figures that served as the basis for PPP loan amounts.

139.   The fabricated Forms 941 reflected the following payroll figures for 2019 and 2020:

| Business | Q1 2019 Jan – Mar | Q2 2019 Apr – Jun | Q3 2019 Jul – Sep | Q4 2019 Oct – Dec | Q1 2020 Jan – Mar |
|---|---|---|---|---|---|
| BRYANSTON SQUARE INC. | 11 employees $271,350.00 | 11 employees $271,350.00 | 11 employees $271,350.00 | 11 employees $271,350.00 | 11 employees $256,775.00 |

140.   In fact, in 2019 and the first quarter of 2020, Bryanston Square LLC did not: (1) file any Forms 941 with the IRS, (2) pay unemployment tax to the IRS, or (3) withhold federal income tax for any employee.

141.   In addition, Mason created and submitted falsified payroll documentation for Bryanston Square Inc., including a purported payroll calculator.

142.   When the PPP loan application for Bryanston Square LLC was submitted, defendants MAHEE, ALEXANDER, OVERMAN, and GODBOLDO, together with Mason, knew that the application attached Forms 941 that had never been filed with the IRS.

143.   Throughout the conspiracy, defendants MAHEE, ALEXANDER, OVERMAN, and GODBOLDO, together with Mason, utilized interstate wires to submit, assist in

the submission, and communicate about the submission of false documents to Financial Institution 1 when applying for a PPP loan, including fabricated IRS Forms 941 listing falsified payroll information and false loan documentation that listed false payroll information, false employment information, and a false purpose for the loan funding.

144.    As a result of and based on the fraudulent and false representations and submissions made by defendants MAHEE, ALEXANDER, OVERMAN, and GODBOLDO, together with Mason, Financial Institution 1 distributed the loan proceeds of the Bryanston Square LLC loan as described in paragraph 29. All in violation of Title 18, United States Code, Section 1349.

**Counts Fifty-One through Fifty-Three**
*Wire Fraud* – 18 U.S.C. § 1343
(Defendants ALEXANDER, OVERMAN, and GODBOLDO)

145.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31, 34 through 37, 123 through 130, 132, and 137 through 144 of this Indictment as if fully set forth herein.

146.    On or about the dates listed in Column C, in the Northern District of Georgia and elsewhere, the defendants listed in Column B, aided and abetted by each other, Mark Mason, and other persons known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, knowing and having reason to know that the pretense, representation, promise, and omission was and would be material, did, with

intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, and signals – that is, the electronic transmissions listed in Column D.

| A<br>Count | B<br>Defendant(s) | C<br>Date<br>(on or about) | D<br>Description of Wire Transmission |
|---|---|---|---|
| Fifty-One | ALEXANDER GODBOLDO | June 9, 2020 | Email from defendant GODBOLDO to Mason, defendant ALEXANDER, and others, with the subject "Re: PPP/Next Phase," in which defendant GODBOLDO attached partially-completed PPP borrower application forms for Mahout Star LLC and Bryanston Square Inc. and wrote, "I've also attached a form for actress/producer, Ion Overman's company called Bryanston Square, Inc. Please call me to discuss this opportunity, as well." |
| Fifty-Two | OVERMAN | June 10, 2020 | Email from defendant OVERMAN to Mason, with the subject "Fwd: Your Application," in which defendant OVERMAN forwarded the link to the Financial Institution 1 online application portal. |
| Fifty-Three | OVERMAN GODBOLDO | June 22, 2020 | Email from Mason to defendants OVERMAN and GODBOLDO, with the subject "Suppl Application," in which Mason wrote "Please have her sign and return to Harvest." The email attached a document labeled "PPP SUPP Form-UPDATED Bryanston Sq.pdf" which listed |

| | | | Bryanston Square Inc.'s business revenues for 2019 as $835,256. |
|---|---|---|---|

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Count Fifty-Four
*Money Laundering* – 18 U.S.C. § 1957
(Defendant OVERMAN)

147.   The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31, 34 through 37, 123 through 130, 132, 137 through 144, and 146 of this Indictment as if fully set forth herein.

148.   On or about July 10, 2020, in the Northern District of Georgia and elsewhere, the Defendant,

ION OVERMAN,

knowingly engaged in, attempted to engage in, and caused others to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transaction involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, 1343, by causing a check for approximately $11,303.25 in PPP loan funds to be deposited by Mason into a Wells Fargo bank account held in the name of Atlanta Business Capital, which was withdrawn from a SAG-AFTRA Federal Credit Union checking account ending in 588, held in the name of Bryanston Square Inc.

All in violation of Title 18, United States Code, Section 1957.

54

### Count Fifty-Five
*Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349
(Defendants MAHEE and LEWTON)

149.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31, 34 through 37, 111 through 118, and 120 of this Indictment as if fully set forth herein.

150.    From on or about April 3, 2020 through on or about August 9, 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

RICHARD MAHEE, AND
MARVIN LEWTON, A/K/A "SHADI POWERS,"

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, Mark Mason, and others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in doing so, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

### Manner and Means

151.    Defendants MAHEE and LEWTON, together with Mason and others known and unknown to the Grand Jury, conspired to submit false materials,

such as a false PPP loan application and false IRS Forms 941, to Financial

Institution 1 to obtain PPP loan funding.

152.   As part of the conspiracy, defendants MAHEE and LEWTON, together

with Mason, submitted false documents to Financial Institution 1 when applying

for a PPP loan on behalf of DirtySouthHipHop Online Media Group LLC,

including fabricated IRS Forms 941 listing falsified payroll information. Mason

created the falsified Forms 941 on behalf of defendant LEWTON. The Forms 941

that Mason created, which had never been filed with the IRS, were submitted in

support of the PPP loan application. The purpose of the false Forms 941 was to

circumvent Financial Institution 1's requirement that prospective borrowers

submit Forms 941 to support the payroll figures that served as the basis for PPP

loan amounts.

153.   The fabricated Forms 941 reflected the following payroll figures for

2019 and 2020:

| Business | Q1 2019 Jan – Mar | Q2 2019 Apr – Jun | Q3 2019 Jul – Sep | Q4 2019 Oct – Dec | Q1 2020 Jan – Mar | Q2 2020 Apr – Jun |
|---|---|---|---|---|---|---|
| DIRTYSOUTHHIPHOP ONLINE MEDIA GROUP LLC | 21 employees $463,942.00 | 21 employees $463,350.00 | 21 employees $463,350.00 | 21 employees $464,470.00 | 16 employees $409,129.00 | 16 employees $300,482.00 |

154.   In fact, during 2019 and the first two quarters of 2020,

DirtySouthHipHop Online Media Group LLC did not: (1) make any tax filings

with the IRS, (2) pay unemployment tax to the IRS, or (3) withhold federal

income tax for any employee.

155.   In addition, Mason altered the IRS Notice CP 575 for

DirtySouthHipHop Online Media Group LLC to change the date of the issuance

of the Employer Identification Number from June 1, 2020 to June 1, 2018. Mason submitted the altered IRS Notice CP 575 with the loan application.

156.   When the PPP loan application for DirtySouthHipHop Online Media Group LLC was submitted, defendants MAHEE and LEWTON, together with Mason, knew that the application attached Forms 941 that had never been filed with the IRS. Defendant LEWTON, together with Mason, knew the application attached an altered IRS Notice CP 575 to represent that the business was in operation as of February 15, 2020.

157.   Throughout the conspiracy, defendants MAHEE and LEWTON, together with Mason, utilized interstate wires to submit, assist in the submission, and communicate about the submission of false documents to Financial Institution 1 when applying for a PPP loan, including fabricated IRS Forms 941 listing falsified payroll information and false loan documentation that listed false payroll information, false employment information, and a false purpose for the loan funding.

All in violation of Title 18, United States Code, Section 1349.

### Count Fifty-Six through Fifty-Eight
*Wire Fraud* – 18 U.S.C. § 1343
(Defendants MAHEE and LEWTON)

158.   The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 31, 34 through 37, 111 through 118, 120, and 151 through 157, of this Indictment as if fully set forth herein.

159.   On or about the dates listed in Column C, in the Northern District of Georgia and elsewhere, the defendants listed in Column B, aided and abetted by

each other, Mark Mason, and other persons known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, knowing and having reason to know that the pretense, representation, promise, and omission was and would be material, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, and signals – that is, the electronic transmissions listed in Column D.

| A<br>Count | B<br>Defendant(s) | C<br>Date<br>(on or about) | D<br>Description of Wire Transmission |
|---|---|---|---|
| **Fifty-Six** | MAHEE LEWTON | April 3, 2020 | Email from defendant LEWTON to Mason and defendant MAHEE, with the subject "Re: Dirty South Hip Hop $$$," in which defendant LEWTON provided information about DirtySouthHipHop Online Media Group LLC and noted, "DBA will be setup on Monday and my LLC was reinstated yesterday so that will take a few days to process." |
| **Fifty-Seven** | LEWTON | June 1, 2020 | Email from defendant LEWTON to Mason, with the subject "UpdatedEIN," in which defendant LEWTON attached the IRS Notice CP 575 for DirtySouthHipHop Online Media Group LLC dated June 1, 2020 and wrote, "This matches my banking |

| | | | and ID. I don't need any more obstacles." |
|---|---|---|---|
| **Fifty-Eight** | LEWTON | August 4, 2020 | Email from defendant LEWTON to Mason, with the subject "Fwd: Your Application," in which defendant LEWTON forwarded the link to the Financial Institution 1 online application portal. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Forfeiture

Upon conviction of one or more of the offenses alleged in Counts One through Forty-Eight, Fifty through Fifty-Three, and Fifty-Five through Fifty-Eight of this Indictment, the Defendants,

> RICHARD MAHEE,
> KRISTEN ALEXANDER,
> DAVID BURGE,
> GINA DESTITO,
> JIM WHITE,
> MORGAN BROWN,
> CARLOS STEPHENS,
> MARVIN LEWTON,
>     A/K/A "SHADI POWERS,"
> DALE GODBOLDO, and
> ION OVERMAN

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly as the result of such violation, including but not limited to the following:

a. MONEY JUDGMENT: A sum of money in United States currency equal to the amount of proceeds the Defendant obtained as a result of the offense for which the Defendant is convicted.

Upon conviction of one or more of the offenses alleged in Counts Forty-Nine and Fifty-Four of this Indictment, the Defendants,

DALE GODBOLDO, and
ION OVERMAN

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense and any property traceable to such property, including but not limited to the following:

a. MONEY JUDGMENT: A sum of money in United States currency equal to the amount of proceeds the Defendant obtained as a result of the offense for which the Defendant is convicted.

If, as a result of any act or omission of a defendant, any property subject to forfeiture:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c) and Title 18,

60

United States Code, Section 982(b)(1), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A _____ True _____ BILL

_____ Yap _____
FOREPERSON

KURT R. ERSKINE
*United States Attorney*

NICHOLAS HARTIGAN
*Assistant United States Attorney*
Georgia Bar No. 408147

LAUREN T. MACON
*Assistant United States Attorney*
Georgia Bar No. 763604

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181